Frederick J. Hahn, III – Wyoming State Bar No. 6-4190
HAWLEY TROXELL ENNIS & HAWLEY LLP
2010 Jennie Lee Drive
Idaho Falls, ID 83404
Telephone:  208-529-3005
Facsimile:  208-529-3065
Email: fhahn@hawleytroxell.com


John F. Kurtz, Jr., ISB No. 2396, CA No. 82181 (Pro Hac Vice)
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 W. Main Street, Suite 1000
Boise, ID 83702
Telephone: 208-344-6000
Facsimile: 208-954-5232
Email: jkurtz@hawleytroxell.com


Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SAFEWAY STORES 46, INC.,<br><br>    Plaintiff<br><br>vs.<br><br>WY PLAZA, L.C.,<br><br>    Defendant | CASE NO. 19-CV-143-R<br><br>PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

PLAINTIFF'S REPLY MEMORANDUM

49359.0004.13137392.2

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ..................................................................................................... 1

II.  STATEMENT OF FACTS ........................................................................................ 2

III. ARGUMENT ............................................................................................................. 5

    A.   The Undisputed Record in this Case Supports Safeway's Motion for Summary Judgment on Safeway's Claims for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing and for Declaratory Judgment ............................................................................ 5

    B.   Safeway's Claims Are Not Barred by Wyoming's Statute of Limitations ................................................................................................ 5

    C.   Safeway's Claims for Money Paid by Mistake and Money Had and Received Are Allowed Under Wyoming Law and Are Fully Supported by the Record in this Case ................................................ 6

    D.   There Are No Genuine Issues of Material Fact that Preclude Safeway's Claim for Declaratory Judgment in this Case ............................... 7

IV.  CONCLUSION ........................................................................................................ 10

49359.0004.13137392.2

## TABLE OF AUTHORITIES

**Cases**

*Messersmith v. G.T. Murray & Co.*,
667 P.2d 655 (Wyo. 1983) .................................................................................................. 4, 6

*Parkhurst v. Boykin*,
94 P. 3d 450 (Wyo. 2004) ....................................................................................................... 8

**Other Authorities**

RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 6 (2011) ................. 4, 6, 7, 8

RESTATEMENT OF THE LAW, RESTITUTION, § 59 ............................................................................ 7

## I. INTRODUCTION

As discussed in Safeway's Memorandum in Support of Motion for Summary Judgment ("Safeway's Memorandum ") (Dkt. 23-1) and Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Safeway's Opposition") (Dkt. 28), Safeway's claims in this case fall into three categories. The first category is for the recovery of the amounts mistakenly paid by Safeway for Percentage Rent for the calendar years 2012 through 2017, which total $670,872.94.[1] Safeway seeks prejudgment interest on that amount at the rate 10% per annum for the period after Safeway made a demand for repayment on November 7, 2018.

The second category is the recovery of amounts paid by Safeway under protest and a reservation of rights after WY Plaza disputed Safeway's had any right to setoff Percentage Rent otherwise due in accordance with Section 20 of the Lease. Those amounts were $122,340.04 for calendar year 2018 and $119,369.23 for calendar year 2019, for a total of $241,709.27. Safeway also seeks prejudgment interest of 10% per annum from the dates of those payments.

The third category is for Percentage Rent for calendar years 2020 and after for which Safeway claims it is entitled to a declaratory judgment that no Percentage Rent will be due from Safeway to WY Plaza until Safeway has offset the Addition Cost, plus accrued interest at the rate of 7.26% since May 1, 2001 in accordance with Article 20 of the Lease.

Although WY Plaza has argued that there are factual issues that preclude summary judgment in Safeway's favor, WY Plaza did not file a single declaration or affidavit with its Motion for Summary Judgment or in opposition to Safeway's Motion.

---

[1] Safeway no longer seeks to recover the mistaken payment of Percentage Rent made during the years 2005 to 2008 in the amount of $89,541. See Safeway's Opposition at FN 4.

PLAINTIFF'S REPLY MEMORANDUM - 1

## II.     STATEMENT OF FACTS

As discussed in Safeway's Memorandum, the Lease terms clearly support the conclusion that Safeway has never been contractually obligated to pay Percentage Rent to WY Plaza as a result of the Safeway Addition constructed in 2001 and WY Plaza has not argued otherwise.

Article 20 of the Lease addresses reimbursement of Safeway's construction costs for any addition to the Leased Premises.  Article 20(d) of the Lease allows Safeway to deduct from its annual percentage rent obligation the Addition Cost paid by Safeway, plus interest at the Industrial "A" rated bond rate (long-term) in effect at the time of completion, until all of the Addition Cost and interest has been fully recovered by Safeway.

On March 20, 2002, WY Plaza and Safeway entered into the Fifth Shopping Center Lease Modification Agreement ("Fifth Modification") pursuant to which they expressly agreed that Safeway had expanded the Leased Premises by 7,550 square feet of building area, which expansion was completed on May 1, 2001, and that the total actual cost of the building addition to the Leased Premises constructed by Safeway was established to be $2,577,717.00 ("Addition Cost").  *Miller Dec.*, ¶ 9, Exh. 8.  The Fifth Modification also provided in Paragraph 8:  "Except as modified by this Fifth Shopping Center Lease Modification Agreement, the Lease, as previously modified, remains unchanged and in full force and effect."  *Miller Dec.*, ¶ 9, Exh. 8.

Since May 1, 2001, interest on the Addition Cost has accrued at the Industrial "A" rated bond rate (long term) of 7.26% per annum, resulting in a total of $6,180,077.51 available as an offset against Percentage Rent as of July 27, 2020, with a per diem rate of $512.72 after that date.  Declaration of Rhet Hulbert ("*Hulbert Dec*."), ¶¶ 3 & 4.

It is undisputed that Safeway has never setoff any portion of the Addition Cost or the interest accruing on that Addition Cost against Percentage Rent.  Safeway mistakenly made Percentage Rent payments from 2012 to 2017.  Safeway discovered those mistakes and notified

PLAINTIFF'S REPLY MEMORANDUM - 2

WY Plaza on November 7, 2018 in a letter seeking recovery of those mistaken payments. *Miller Dec.* ¶ 23, Exh. 14.

By reviewing its records and discussing the procedures that should have been used to avoid those mistaken payments, with the involvement of an employee employed by Safeway since 1999, Safeway was able to determine that the mistaken payments occurred because an internal Form RE-55 Real Estate Information Transmittal was not properly prepared, which resulted in the Safeway accounting department, responsible for rent payments to WY Plaza, to mistakenly make payments for Percentage Rent when no such payments were due pursuant to the Lease.  Declaration of Thomas Hanavan ("*Hanavan Dec.*") ¶¶ 1-10.

In response to Mr. Hanavan's cogent explanation of how the mistake occurred, WY Plaza suggests the explanation is somehow deficient.  Such a suggestion is without merit. Mr. Hanavan's and Lynn Miller's declarations provide a clear explanation of how the mistake occurred and WY Plaza presents no evidence to the contrary.

Further concerning the alleged inequities as argued by WY Plaza, first and foremost, any monies recovered by Safeway for Percentage Rent paid in calendar years 2012 through 2017 are monies that Safeway paid, mistakenly, to WY Plaza.  Any award of interest is simply reimbursement to Safeway of the loss of use of the money it had paid by mistake.  Any attorneys' fee award is because Safeway was forced to spend money in litigation, to its conclusion, as WY Plaza has denied Safeway's claim both for reimbursement of Percentage Rent paid by mistake and for the right to offset the Addition Cost against future Percentage Rent. With its argument, WY Plaza also fails to acknowledge that Safeway, at its expense, undertook an extensive remodel of WY Plaza's building, which construction project added 7,550 square feet of building.  Thus, WY Plaza seeks to reap the benefit of the substantially remodeled and

enlarged building, with an increase in rent, and an increase in Safeway's pro rata share of common area expenses, because of the additional square feet, all at Safeway's expense despite the plain and clear language of the Lease entitling Safeway to slowly recover the cost of the project through an offset of the annual Percentage Rent payments.  It is inequitable to allow WY Plaza to reap these benefits, particularly where the payments with which Safeway seeks to recover are within Wyoming's 10-year statute of limitations.  Notably, WY Plaza has offered no evidence of harm or detrimental reliance with its defense.

WY Plaza also suggests that Safeway should be precluded from recovering the Percentage Rent payments made by mistake because Safeway did not physically prepare an internal accounting record entitled "amortization account," until 2018.  However, that Safeway did not actually maintain such an account is not relevant or necessary for Safeway's claims in this case.  The "amortization account" is nothing more than a simple calculation that begins with the Addition Cost, which WY Plaza and Safeway expressly agreed in the Fifth Modification was $2,577,717.00 as of May 1, 2001, and then accrues interest on that amount at the Industrial "A" rated bond rate (long term) in effect at that time.  That Safeway did not actually write those numbers down in an accounting record prior to identifying the mistaken payments in 2018 is of no consequence.

Finally, WY Plaza suggests, without citation to authority, that Safeway should not prevail on its claims because it mistakenly paid Percentage Rent.  That argument, for which WY Plaza cites no authority, is directly refuted by the numerous legal authorities relied upon by Safeway, including the Wyoming Supreme Court's decision in *Messersmith v. G.T. Murray & Co.*, 667 P.2d 655 (Wyo. 1983)  and the Restatement (Third) of Restitution and Unjust Enrichment § 6 (2011) directly supporting Safeway's right to restitution of the mistaken payments made from

PLAINTIFF'S REPLY MEMORANDUM - 4

2012 to 2018. WY Plaza never responds to those authorities that are discussed in Safeway's Memorandum at pages 12-21 and in Safeway's Opposition at pages 8-11.

### III.   ARGUMENT

**A.   The Undisputed Record in this Case Supports Safeway's Motion for Summary Judgment on Safeway's Claims for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing and for Declaratory Judgment**

At pages 5 and 6 of WY Plaza's Opposition, WY Plaza repeats some of its arguments made in WY Plaza's Memorandum at pages 11-16. Safeway has previously addressed those arguments in Safeway's Memorandum at pages 17-18 and 23-24 and in Safeway's Opposition at pages 11-15. It is particularly noteworthy that WY Plaza has never argued, nor would it have any good faith basis for doing so, that Safeway did not have the contractual right under the express terms of Section 20 of the Lease to set off the Addition Cost and interest from the Percentage Rent otherwise due. As discussed in Safeway's Memorandum and Safeway's Opposition, Safeway's right to restitution of the mistaken payments made for calendar years 2012 to 2017 is clearly allowed pursuant to its claims for payment by mistake and money had and received. However, as discussed in Safeway's prior memoranda, the payments in 2018 and 2019 were made under protest and reservation of rights because of WY Plaza's unsupportable position that Safeway is forever precluded from setting off the Addition Cost and interest from Percentage Rent because of the 2011 Estoppel Certificate and other reasons described in WY Plaza's response to Safeway's claims. By taking that position WY Plaza has breached the Lease and the covenant of good faith and fair dealing.

**B.   Safeway's Claims Are Not Barred by Wyoming's Statute of Limitations**

At pages 6-7 of WY Plaza's Opposition, WY Plaza argues that Safeway's claims are barred by the ten year statute of limitations in Wyo. Stat. § 1-3-105(a)(i). This is the same argument that WY Plaza made in WY Plaza's Memorandum at pages 8-11.

Safeway responded to WY Plaza's statute of limitations argument in Safeway's Opposition at pages 7-11. WY Plaza has never responded to those arguments and the authorities relied upon by Safeway. Safeway respectfully refers the Court to Safeway's arguments, which clearly rebut that Safeway's claims are barred by the ten year statute of limitations.

C. **Safeway's Claims for Money Paid by Mistake and Money Had and Received Are Allowed Under Wyoming Law and Are Fully Supported by the Record in this Case**

At pages 6-7 of WY Plaza's Opposition, WY Plaza argues that Safeway's claims for money paid by mistake and for money had and received and for Safeway's payments made under protest and reservation of rights are precluded because there is a written contract between WY Plaza and Safeway. That argument is essentially identical to the argument made in WY Plaza's Memorandum at pages 16-19.

WY Plaza's argument has already been addressed in Safeway's Memorandum at pages 12-21 and in Safeway's Opposition at pages 15-20. It is particularly noteworthy that WY Plaza has failed to provide any argument in opposition to Safeway's reliance on the Wyoming Supreme Court's decision in *Messersmith v. G.T. Murray & Co.*, 667 P.2d 655 (Wyo. 1983), the Restatement (Third) of Restitution and Unjust Enrichment § 6 (2011) and the numerous other authorities discussed in Safeway's Memorandum and Safeway's Opposition.

As discussed in Safeway's Opposition at pages 15-16, WY Plaza argued in WY Plaza's Memorandum, at the bottom of page 16, that: "Wyoming has not – to WY Plaza's knowledge – recognized a civil cause of action for "Money Paid by Mistake," though it has discussed such an idea in broad strokes." As pointed out by Safeway, in making that statement, WY Plaza ignores the Wyoming Supreme Court's decision in *Messersmith v. G.T. Murray & Co.*, 667 P.2d 655 (Wyo. 1983), which directly supports Safeway's claims for restitution of the Percentage Rent

payments made by mistake for calendar years 2012 to 2017 and *Messersmith's* reliance on Restatement of the Law, Restitution, § 59, p. 32:

> A person who has conferred a benefit upon another by mistake is not precluded from maintaining an action for restitution by the fact that the mistake was due to his lack of care.

WY Plaza also fails to address any of Safeway's arguments that are directly supported by the Restatement (Third) of Restitution and Unjust Enrichment § 6 (2011) and the numerous other authorities cited by Safeway in Safeway's Memorandum at pages 12-21 and in Safeway's Opposition at pages 15-20.

Safeway is entitled to summary judgment on its claims for payment by mistake and money had and received for restitution of the payments mistakenly made for calendar years 2012 to 2017.

**D.     There Are No Genuine Issues of Material Fact that Preclude Safeway's Claim for Declaratory Judgment in this Case**

At pages 9-16 of WY Plaza's Opposition, WY Plaza argues that there are significant factual issues that preclude summary judgment in favor of Safeway. However, WY Plaza has failed to submit a single declaration or affidavit in support of the "facts" that it suggests need to be resolved.

WY Plaza argues that because an amortization account was not set up by Safeway until November 2018 that factual issues exist relative to the balance of the account and the accrual of interest on that account. There is no factual dispute that needs to be resolved on that issue. It is undisputed that the parties agreed to the Addition Cost in the Fifth Modification, with the date of completion of the project being May 1, 2001. Safeway identified Rhet Hulbert as an expert witness who has opined that the Industrial "A" rated bond rate (long term) in effect on May 1, 2001 was 7.26% and that the total amount of the Addition Cost and accrued interest as of

July 27, 2020 available as offset against Percentage Rent was $6,180,077.51, which continues to accrue at the rate of $512.72 per day. *Hulbert Dec.*, ¶¶ 1-5, Exh. 1. WY Plaza never identified an expert witness and has never identified any evidence to the contrary.

WY Plaza argues that factual questions exist relating to WY Plaza's affirmative defense of estoppel. In support, WY Plaza cites *Parkhurst v. Boykin*, 94 P. 3d 450, 460 (Wyo. 2004) ("Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded from asserting rights which might otherwise have existed as against another person who has in good faith relied upon such conduct and has been led thereby to change is position for the worse"). However, WY Plaza has failed to present any evidence that WY Plaza "relied upon such conduct and has been led thereby to change is position for the worse." WY Plaza received payments it was not entitled to receive and, if Safeway is successful recovering those payments, WY Plaza will have still had the free use of that money from the date the mistaken payments were made until Safeway demanded repayment in November 2018. The failure to provide such evidence in opposition to Safeway's Motion is fatal to WY Plaza's argument.

WY Plaza argues there is an issue whether WY Plaza suffered some detriment because Safeway voluntarily paid the Percentage Rent. That argument fails for two separate reasons. First, as discussed in Restatement (Third) Restitution and Unjust Enrichment, § 6, comment e, the payments made mistakenly by Safeway were not "voluntary payments." Moreover, WY Plaza has failed to present any evidence explaining how it would suffer any unfairness if required to return the payments for Percentage Rent that it was never owed. Indeed, WY Plaza's unsupported argument that it paid taxes on that income is obviously disingenuous. WY Plaza is a limited liability company that is a pass through entity for income tax purposes. Further, even if it had paid taxes on the income, WY Plaza has not asserted it would not be entitled to a tax

deduction with regard to any monies repaid.  WY Plaza makes other arguments, such as owner distributions, yet this is mere counsel conjecture as these assertions are made without evidentiary support.

WY Plaza next argues that Safeway expressly acknowledged in an Estoppel Certificate dated August 2, 2011 a position that is diametrically opposed to the position that Safeway is asserting in this case.  That argument is frivolous. [2]  That Estoppel Certificate is attached to the Declaration of Lynn Miller, ¶ 24, Exh. 15, and was the principal document relied upon by WY Plaza's Associate General Counsel for claiming that Safeway had no right to recover past Percentage Rent payments or to offset future Percentage Rent payments.  However, that Estoppel Certificate, which was signed on August 2, 2011, is irrelevant to Safeway's claims for recovery of the mistaken Percentage Rent payments made in 2012 to 2017 and Percentage Rent payments after those dates.  That Estoppel Certificate simply provides in Paragraph 9:  "To Safeway's knowledge, there are no defaults under the Lease by Lessor," and Paragraph 11 provides:

> To Safeway's knowledge, there are no current default-related credits.  Pursuant to a compromise agreement between Lessor and Lessee, the overpayment of percentage rent for the period 2005 through 2008, amounting to $228,989.00 is to be offset from future percentage rents due.  To date an overpayment of percentage rent amounting to $157,402.00 remains to be offset.

Thus, the August 2, 2011 Estoppel Certificate is not relevant to Safeway's claims in this case and does not result in a factual issue that precludes summary judgment.

Finally, WY Plaza argues that there are factual disputes on its affirmative defenses of accord and satisfaction, waiver, laches and mitigation of damages.  Of course, WY Plaza has the

---

[2] The August 2, 2011 Estoppel Certificate is discussed in Safeway's Opposition at pages 14-15.

PLAINTIFF'S REPLY MEMORANDUM - 9

49359.0004.13137392.2

burden of proof on each of those affirmative defenses.  WY Plaza has failed to cite any evidence in support of those affirmative defenses.

Moreover, none of the above referenced affirmative defenses has any applicability to the issues presented in Safeway's motion for summary judgment on its motion for declaratory relief. As discussed in Safeway's Memorandum at pages 23-24, Safeway seeks a declaratory judgment that it has the right to deduct from Percentage Rent otherwise due under the Lease the Addition Cost and interest accrued on that amount until the total of those two amounts equals zero.  Those amounts have been calculated by Safeway's expert witness, Rhet Hulbert and have never been challenged.

The undisputed record is that Safeway has never setoff any portion of the Addition Cost or interest against Percentage Rent. As a result, the total of the actual cost of the Safeway Addition, in the amount of $2,577,717.00, plus accrued interest in the amount of $3,615,178.51, which results in a balance of $6,180,077.51 as of July 27, 2020 that accrues at $512.72 per day thereafter, until there is a zero balance.  *Hulbert Dec.* ¶ 2, 3 and 4, Exh. 1.  WY Plaza has never presented any evidence challenging the accuracy of those calculations.

## IV.   CONCLUSION

For the reasons discussed above, in Safeway's Memorandum and Safeway's Opposition, Safeway's Motion should be granted and WY Plaza's Motion should be denied.

DATED:  September 11, 2020

| HAWLEY TROXELL ENNIS & HAWLEY LLP | HAWLEY TROXELL ENNIS & HAWLEY LLP |
|---|---|
| By _____<br>FREDERICK J. HAHN, III,<br>Wyoming State Bar No. 6-4190<br>Attorney for Plaintiff | By */s/ John F. Kurtz, Jr.*_____<br>JOHN F. KURTZ, JR.<br>ISB No. 2396, CA No. 82181 (Pro Hac Vice)<br>Attorney for Plaintiff |

PLAINTIFF'S REPLY MEMORANDUM - 10

49359.0004.13137392.2

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 11th day of September, 2020, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Lucas Buckley<br>HATHAWAY & KUNZ, LLP<br>P.O. Box 1208<br>Cheyenne, WY 82003-1208 | [ ] U.S. Mail, postage prepaid<br>[ ] Hand Delivery<br>[ ] Overnight Mail<br>[ ] Facsimile: (307) 634-0985<br>[X] E-mail: lbuckley@hkwyolaw.com |

        ____*/s/ Frederick J. Hahn, III*_____
        FREDERICK J. HAHN, III

PLAINTIFF'S REPLY MEMORANDUM - 11

49359.0004.13137392.2